# Postal Tel.-Cable Co. *v.* Shepherd.

### Failure to Deliver Message.

(Decided January 20, 1916.  70 South. 981.)

**Telegraphs and Telephones; Failure to Transmit Message; Complaint.**—Count 4 examined and held subject to demurrer for a failure to show any contract or duty on the part of defendant to transmit the message.

APPEAL from Birmingham City Court.

Heard before Hon. JOHN H. MILLER.

Action by W. S. Shepherd against the Postal Telegraph-Cable Company. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

The following is count 4: "Plaintiff claims of defendant the sum of   *   *   *   as damages, for that   *   *   *   the defendant was engaged in the business of transmitting messages by wire between, to-wit, the cities of Birmingham, Ala., and Los Angeles, Cal., for a reward, and was a common carrier of telegraphic messages. And plaintiff avers that on, to-wit,   *   *   * his wife, Mrs. W. S. Shepherd, acting as his agent, delivered to defendant in the city of Birmingham, the following message: "Referring to your wire don't understand let us know what your plans are we would prefer to go to you than remain here if at all possible. Notified Moulton that we would vacate Sept. fifteenth Pete goes to South America for a year October first love.' And plaintiff avers that defendant negligently failed to deliver said message to him in the city of Los Angeles, and as a proximate result thereof, plaintiff sustained a pecuniary loss in the amount of the reward paid defendant for the transmission of said message, and in further causing him to leave his work for a long period of time, in that he was compelled to leave the said city of Los Angeles and return to the said city of Birmingham, thereby causing him to expend money for transportation, board, railroad and Pullman fare, and further causing plaintiff great annoyance and inconvenience."

The other assignments of error insisted on were that the court erred in sustaining demurrers to pleas 5, 6, and 7 as an answer to count 4 of the complaint, and in refusing charges limiting a recovery to the amount of the toll paid for the message, and against recovery for expenses, inconvenience, and annoyance.

CABANISS & BOWIE, for appellant. BONDURANT & SMITH, for appellee.

THOMAS, J.—The plaintiff below, who is appellee here, withdrew all counts of the complaint except count four, upon which the trial was had. The overruling of a demurrer to this count is assigned and urged as error by the defendant. We are of opinion that the count (which the reporter will set out in full) is defective for reasons as pointed out in the demurrer. It fails to show any contract or duty on the part of the defendant to transmit and deliver to plaintiff at Los Angeles, Cal., the telegraphic message described in the count, and which the count alleged, as respon-

sible for plaintiff's damages, defendant negligently failed to transmit and deliver to plaintiff at Los Angeles, Cal. It is true that count 2 of the complaint, which was withdrawn, as before said, averred that defendant (quoting from the count) "agreed to transmit and deliver to the plaintiff at 745 South Union avenue in the said city of Los Angeles, California [the message in question], for which it [defendant] received a reward"; and it is further true that these allegations were sufficient to show in that count a contract and consequent duty on defendant's part to transmit and deliver said message to plaintiff at said Los Angeles. And it is further true that count 4—the count under consideration—adopted as a part of itself a portion of said count 2; but it did not adopt the portion we have quoted (the only portion which showed a contract on defendant's part to transmit the message to plaintiff at Los Angeles, Cal.), and it failed in allegations of its own to supply the deficiency. We have discussed the question of the defectiveness of a count like this fully in the case of *Western Union Tel. Co. v. Hawkins, Infra,* 70 South. 12, where the authorities are cited and where our reasons for holding that the court here erred in not sustaining the demurrer are fully amplified.

The other questions raised by this appeal that are insisted upon in brief need not be discussed, since they were, in effect, recently (since this appeal) determined by our Supreme Court in the case of *Western Union Telegraph Co. v. E. W. Favish,* 196 Ala., 71 South. 183, which is sufficient to indicate our rulings on those questions.

The judgment of the lower court is reversed, and the cause remanded.

Reversed and remanded.